# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYNEIL BROOMER, | : | |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0657 |
| | : | |
| THE GEO GROUP, INC., *et al.*, | : | |
|     *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                          **June 27, 2022**

Tyneil Broomer, an inmate at the George W. Hill Correctional Facility proceeding *pro se*, alleges he was assaulted on three occasions by correctional officers.[1] He sues the Commonwealth of Pennsylvania, the GEO Group, Inc., and the Delaware County Jail Oversight Board under 42 U.S.C. § 1983.[2] Broomer seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Broomer leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Broomer will be provided an opportunity to file an amended complaint as set forth more fully below.

---

[1] At the time he filed the Complaint, Broomer was a pretrial detainee. On June 13, 2022, he entered a negotiated guilty plea and was sentenced that day. *See Commonwealth v. Broomer*, CP-23-CR-0002013-2020 (C.P. Delaware). Because the events giving rise to Broomer's claims occurred before he was sentenced, the Court will apply § 1983 standards applicable to pretrial detainees.

[2] Broomer does not specifically name the Delaware County Jail Oversight Board in the caption of his Complaint but instead lists it as the GEO Group's employer. Out of an abundance of caution, the Clerk of Court listed the Delaware County Jail Oversight Board as a Defendant.

I

Broomer alleges that he was assaulted by three correctional officers on three separate occasions. (Compl. at 4.)[3] He provides details about only one of those assaults. On July 21, 2021, Broomer says Correctional Officer Ashen slammed the prison cell door in his face, causing his eye to swell up. (*Id*. at 5.) Ashen had allegedly become angry when Broomer placed his food tray outside of his cell and told Ashen why he did so. (*Id*.) Broomer alleges that the force Ashen used was "sadistically and intentionally intended to cause harm." (*Id*. at 15.) Based on this incident, Broomer suffers from headaches, frequent nightmares, "bad anxiety and PTSD." (*Id*. at 5.) He requests actual and punitive damages. (*Id*.)

II

The Court grants Broomer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] However, Broomer will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Broomer is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Broomer alleges his Fourteenth Amendment due process rights[5] were violated by correctional officers' use of excessive force.[6] (*Id.* at 3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a

---

[5] Although Broomer also refers to the Eighth Amendment in his Complaint, because he was a pretrial detainee during the relevant events, the Due Process Clause of the Fourteenth Amendment – and not the Eighth Amendment – governs his excessive force claims. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted).

[6] Broomer also alleges that Defendants violated his Sixth Amendment right to a speedy trial, but he provides no facts to support a Sixth Amendment claim. Even if he had, allegations that Defendants violated his Sixth Amendment rights to a speedy trial cannot form the basis of an underlying constitutional violation under § 1983. This is because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a habeas petition after exhausting state remedies." *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (*per curiam*) (citing cases); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). In any event, it appears as though Broomer waived any Sixth Amendment speedy trial claim. The public docket reflects that Broomer entered a plea of guilty to the criminal charges. "[T]he right to a speedy trial is non-jurisdictional, and is therefore waived by an unconditional and voluntary guilty plea." *Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007) (*per curiam*).

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

The Eleventh Amendment to the United States Constitution bars lawsuits against a state and its agencies in Federal Court. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). There are three exceptions to this general grant of state immunity: (1) when Congress "unequivocally expresses its intent" to abrogate the immunity "pursuant to a valid exercise of power"; (2) when a state expressly waives the immunity; and (3) for lawsuits against individual state officials for prospective injunctive and declaratory relief against alleged violations of federal law. *Foster v. McLaughlin*, 203 F. Supp. 3d 483, 487 (E.D. Pa. 2016). None of the exceptions apply here. In enacting § 1983, Congress did not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979). Pennsylvania has explicitly reserved its immunity from suit in federal court. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 8521 ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Finally, Broomer does not seek prospective injunctive or declaratory relief against any state officials. Accordingly, the Commonwealth of Pennsylvania is immune from suit and Broomer's claims against it are dismissed.

B

Broomer's Complaint is primarily based on claims that he was subjected to excessive force by George W. Hill correctional officers. To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. In determining whether the force used was reasonable, courts consider: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

Furthermore, to state a claim under § 1983 against the GEO Group – a corporation formerly under contract to provide services at George W. Hill,[7] – a plaintiff must show that the entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to

---

[7] In April of 2022, Delaware County assumed full operational control of GWHCF from the GEO Group. *See Delaware County Officially Assumes Control of George W. Hill Correctional Facility* (April 6, 2022), https://www.delcopa.gov/publicrelations/releases/2022/delcoofficiallyassumescontrolofgeorgewhillcf.html. During the relevant events described in Broomer's Complaint, the GEO Group controlled GWHCF and is therefore a proper Defendant.

establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). It is not enough, however, to allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

     Broomer does not assert any claims against Ashen or any other correctional officer who allegedly subjected him to excessive force. Instead, he alleges that the GEO Group is responsible for his alleged constitutional harm. For example, he alleges that the GEO Group "oversee[s] a system that continually engages in a pattern or practice of

constitutional violations" such as the "use of force and neglect." (Compl. at 15.) He further alleges that the GEO Group "failed to properly train or supervise its employees and failed to adequately control and discipline its officers," and that "practices in these areas [are] tantamount to an unconstitutional custom [] or policy." (*Id*.) These vague, generalized, and conclusory allegations are insufficient to state a *Monell* claim. *See McTernan*, 564 F.3d at 658 (affirming dismissal of complaint that "simply paraphrase[d] § 1983"); *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). Broomer pleads the existence of a policy but does not elaborate on "what exactly that custom or policy was" or provide any factual details about the custom or policy to state a plausible claim. *McTernan*, 564 F.3d at 658.

Broomer's "failure-to-train" and "failure-to-supervise" claims are similarly deficient. He has not identified where the training or supervision was deficient and how that deficiency amounts to deliberate indifference to his constitutional rights. Nor has he alleged with any particularity a pattern of similar constitutional violations that would have put the GEO Group on notice that new training was required. *See Torres v. Monmouth Cnty. Correctional Inst.*, No. 19-17704, 2021 WL 3773687, at *6 (D.N.J. Aug. 25, 2021) (dismissing failure-to-train claims where allegations were vague and the plaintiff did not provide "facts showing a pattern of prior incidents that would suggest a need for additional training"). Instead, Broomer makes generalized and conclusory allegations, which are insufficient to state a claim for failure to train or failure to supervise. *See Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (affirming

district court's dismissal of complaint where it "failed to identify any unlawful policy or custom and failed to identify any policymaker or decisionmaker responsible for the unlawful conduct alleged" and instead "made conclusory and general claims of failure to screen, train, or supervise employees to avoid constitutional violations"). Broomer's § 1983 claims against the GEO Group are also dismissed.[8]

C

The Delaware County Jail Oversight Board oversees George W. Hill Correctional Facility.[9] Because they are "creatures of statute," jail oversight boards are "political subdivision[s] of the government." *Veatch v. Allegheny Cty. Bureau of Corr.*, 282 F. App'x 159, 160 (3d Cir. 2008).[10] As political subdivisions, therefore, jail oversight boards are subject to liability under § 1983. *See Monell*, 436 U.S. at 690-91 ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."). Like the GEO Group, the Delaware County Jail Oversight Board cannot be held responsible for the acts of its employees on a theory of vicarious liability, or *respondeat superior*. *Id.* Rather, to state a claim against the Board, Broomer must allege a municipal policy or custom that caused his injury. *Id.*;

---

[8] At times, Broomer references Delaware County in his Complaint. However, Broomer has not named Delaware County as a Defendant. In any event, Broomer fails to state a plausible *Monell* claim against the County as well.

[9] The Delaware County Jail Oversight Board was established at a September 25, 2019 Delaware County Council meeting. *See* https://www.delcopa.gov/prison/job.html (last viewed June 27, 2022).

[10] A Pennsylvania statute establishes jail oversight boards for each county in the state. *See* 61 Pa. Stat. and Cons. Stat. Ann. § 1723(a) ("There is hereby established in each county a jail oversight board which shall be named the (Name of County) County Jail Oversight Board."). Jail oversight boards are provided certain powers and duties such as the "operation and maintenance of the prison and all alternative housing facilities" and "the oversight of the health and safekeeping of inmates." *Id.* § 1724(a).

*see also Murray v. Keen*, No. 13-258, 2014 WL 940267, at *4 (M.D. Pa. Mar. 11, 2014) (applying *Monell* standard to claims against Allegheny County Jail Oversight Board); *Smith v. Indiana Cty. Jail*, No. 12-728, 2013 WL 425144, at *7 (W.D. Pa. Feb. 4, 2013) (dismissing § 1983 claims against Indiana County Prison Board where the plaintiffs failed to allege "direct participation, whether by custom or express policy" under *Monell*).

Broomer makes no specific allegations against the Delaware County Jail Oversight Board. He states only that the Board "has entered into a professional services contract with the GEO Group." (Compl. at 4.) Without any facts specially alleged against the Board, the Court is unable to determine what claims Broomer asserts against it. As a result, Broomer fails to state a plausible § 1983 claim against the Delaware County Jail Oversight Board.

IV

For the foregoing reasons, the Court will grant Broomer leave to proceed *in forma pauperis* and dismiss his claims against the Commonwealth of Pennsylvania with prejudice. His claims against GEO Group and the Delaware County Jail Oversight Board will be dismissed without prejudice. Broomer will be given the option of filing an amended complaint in the event he can plead additional facts to state a basis for a plausible claim against the GEO Group and the Delaware County Jail Oversight Board or any other appropriate Defendant responsible for the constitutional violations alleged.[11]

---

[11] Broomer provides details about one alleged incident of excessive force but states in his Complaint that there were three such instances. To state an excessive force claim in any amended complaint, Broomer must describe the events that he believes constituted excessive force, including the circumstances in which force was used.

An appropriate Order follows.

                                                 **BY THE COURT:**

                                         ***/s/ Gerald J. Pappert***
                                         **GERALD J. PAPPERT, J.**